1   BLANK ROME LLP
    Howard M. Knee (SBN 55048)
2   Knee@BlankRome.com
    Colleen A. Carolan (SBN 210755)
3   Carolan@BlankRome.com
    1925 Century Park East, 19th Floor
4   Los Angeles, CA  90067
    Telephone:  424.239.3400
5   Facsimile:   424.239.3434

6   Attorneys for Defendants
    LEWIS LIMITED CONSULTANTS, LLC
7   And CONSEQUENCES MANAGEMENT INC.

8

9

10                    UNITED STATES DISTRICT COURT

11       CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

                        ED  CV  12  -  01388 VAP  (OPx)

12
    CARMEN GRAUPNER, JOHN            Case No.
13  GRAUPNER, and ELIZABETH BUNTING,
    individually and on behalf of all others   (San Bernardino Superior Court Case
14  similarly situated ,              No. CIVBS1200311)

15                    Plaintiff,    **NOTICE OF REMOVAL OF
                                    CIVIL ACTION BY
16      vs.                         DEFENDANTS**

17  LEWIS LIMITED CONSULTANTS, LLC, a
    Delaware Corporation, CONSEQUENCES
18  MANAGEMENT INC., a Maryland
    Corporation, and DOES 1-10, inclusive
19
                        Defendants.
20

21

22

23

24

25

26

27

28

                                      1
              **NOTICE OF REMOVAL OF CIVIL ACTIONS BY DEFENDANTS**
    900200.00001/95087553V.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441(a), 1442(a) and 1446, Defendants Lewis Limited Consultants, LLC and Consequences Management Inc. ("Defendants"), hereby remove the above entitled action from the Superior Court of California, County of San Bernardino – Barstow, in which it is now pending, and transfer it to the United States District Court for the Central District of California, Eastern Division.  In support of this Notice of Removal, Defendants state the following:

**I.    THE NOTICE OF REMOVAL IS TIMELY**

1.    On or about June 18, 2012, Plaintiffs Carmen Graupner, John Graupner and Elizabeth Bunting ("Plaintiffs") filed a Complaint in the Superior Court of the State of California, County of San Bernardino, Case No. CIVBS 1200311 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.    Defendant Consequences Management Inc. received the Complaint on July 18, 2012 and Defendant Lewis Limited Consultants, LLC received the Complaint on or about July 23, 2012.  This Notice of Removal is, therefore, timely pursuant to 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of receipt of the Complaint.  28 U.S.C. § 1446 (2012).

**II.   THIS COURT IS THE PROPER VENUE FOR REMOVAL**

3.    This Court is the proper venue for removal of this action under 28 U.S.C. § 1446(a) because this action was pending in the Superior Court of California in Barstow, San Bernardino County, California, which is located within the jurisdiction of the United States District Court for the Central District of California, Eastern Division.  28 U.S.C. § 1446 (2012).

## III.    REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1331, 1441 AND 1442

### This Court has Subject Matter Jurisdiction

### Under the Federal Question Statute

4.      For the reasons stated below, this Court has original jurisdiction over this action under the federal question jurisdiction statute, which grants district courts original jurisdiction over civil actions that allege a claim arising under the laws of the United States.  28 U.S.C. § 1331 (2012).  Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (2012).

5.      The United States has power and exclusive authority "in all Cases whatsoever...over all places purchased" by the government "for the erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings."  U.S. Const., art. I, § 8, cl. 17.  Such places are "federal enclaves" of which federal courts have exclusive jurisdiction, meaning the property and activities of individuals and corporations within that territory are also under federal jurisdiction.  *See* U.S. Const., art. I, § 8; *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005) ("Under the Constitution, the United States has the power to acquire land from the states for certain specified uses and to exercise exclusive jurisdiction over such lands, which are known as federal enclaves.").  Fort Irwin is an active military base on land that was ceded to the United States, and is therefore a federal enclave.

6.      When a piece of land becomes a federal enclave, federal authority becomes the only authority operating within the ceded area, and any existing state law is assimilated into federal law.  *Macomber v. Bose*, 401 F. 2d 545, 546 (9th Cir. 1968).  "Rights arising under such assimilated law arise under federal law and are properly the subject of federal jurisdiction."  *Id.*

7.     The Complaint alleges causes of action under California law for failure to provide meal breaks, failure to provide rest breaks, failure to pay overtime, failure to pay vacation pay, failure to pay overtime and double time on the seventh consecutive day of work, waiting time penalties, unlawful uniform deductions, failure to furnish wage and hour statements, and unfair business practices.  The Complaint states that Fort Irwin is the location of the commission of the acts alleged in the Complaint.  The Certificate of Assignment also states that the address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in Barstow is Fort Irwin.  Because the Constitution grants to Congress exclusive legislative authority over federal enclaves, state law does not apply to claims for wages on federal enclaves.  U.S. Const., art. I, § 8, cl. 17; *Mersnick v. USProtect Corp.*, 2006 U.S. Dist. LEXIS 94408, *24 (N.D. Cal. 2006) (state law claims involving work at Vandenburg Air Force Base barred because the federal Fair Labor Standards Act "provides for minimum standards for both wages and overtime requirements, and delineates administrative procedures by which covered worktime must be compensated" under federal law); *George v. UBX International, Inc.*, 1996 U.S. Dist. LEXIS 22292 (N.D. Cal. 1996) (granting summary judgment dismissing claims seeking overtime under California state statutes for work performed at Fort Ord).  Plaintiffs' unfair competition claim is similarly barred.  *See Mersnick*, *31 ("where the underlying action is otherwise barred, 'a court may not allow a plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.'").  Since Fort Irwin is a federal enclave, Defendant is not subject to state wage and hour laws.[1]

8.     "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only

---

[1] The California Division of Labor Standards Enforcement ("DLSE") acknowledges that a federal enclave is land over which the federal government exercises legislative jurisdiction, and instructs that when determining whether employees of a private employer who perform their work on military installations are subject to state wage and hour laws, the first question that must be asked is whether the military installation is a federal enclave. *See* DLSE Enforcement Policies and Interpretations Manual § 43.6.2.1.

1 when a federal question is presented on the face of the plaintiff's properly pleaded

2 complaint." *California v. United States*, 215 F. 3d 1005, 1014 (9th Cir. 2000).

3 However, failure to indicate the federal enclave status in the pleading will not shield

4 plaintiffs from the consequences of this federal enclave, i.e., removal. *Fung v. Abex*

5 *Corp.*, 816 F. Supp. 569, 571 (N.D. Cal. 1992); *see also Corley v. Long-Lewis, Inc.*,

6 688 F. Supp. 2d 1315, 1329 (N.D. Ala. 2010) (plaintiff cannot avoid federal

7 jurisdiction by leaving out the fact that the injury occurred on a federal enclave).

8 <u>**This Court has Jurisdiction Because**</u>

9 <u>**Defendants Acted Under a Federal Officer**</u>

10   9. Removal is proper under 28 U.S.C.§ 1442(a) where defendants acted

11 under a federal officer. *Fung*, 816 F. Supp. at 571; *Isaacson v. Dow Chemical Co.*,

12 517 F. 3d 129 (2d Cir. 2008); 28 U.S.C. § 1442 (2012).

13   10. Defendants are corporate entities which are considered "persons" for

14 purposes of 1442(a). *Fung*, 816 F. Supp. at 572; 28 U.S.C. § 1442 (2012).

15   11. Defendants acted under a federal officer.  Defendants contracted with the

16 federal government to provide services that, had Defendant not provided, the federal

17 government would have had to provide itself.  Through their contracts with the federal

18 government, Defendants assisted the United States Army in carrying out its duties.

19   12. Defendants acted under color of federal office, to wit, the United States

20 of America engaged the Defendants to supply civilians to perform role-playing parts

21 to train United States soldiers for war deployment.  The acts taken by Defendants

22 were taken under color of federal office and the services provided by Defendants were

23 uniquely federal in nature.  The acts for which Defendants are being sued occurred

24 because of what they were asked to do by the federal government.

25   13. Defendants have colorable federal defenses.  Under the Federal Enclave

26 Doctrine, Plaintiffs' state law claims are barred.  Defendants are also government

27 contractors providing uniquely federal services and are therefore immune from state

28 regulation. *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

NOTICE OF REMOVAL OF CIVIL ACTIONS BY DEFENDANTS

**IV.   ALL DEFENDANTS CONSENT TO REMOVAL**

14.   Lewis Limited Consultants, LLC and Consequences Management Inc. are the only two defendants in this action. Both Lewis Limited Consultants, LLC and Consequences Management Inc. consent to removal of this action, and this Notice of Removal is filed on behalf of both Lewis Limited Consultants, LLC and Consequences Management Inc. *See Proctor v. Vishay Intertechnology Inc.*, 584 F. 3d 1208, 1225 (9th Cir. 2009).

**V.   ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

15.   The Summons, Complaint, Certificate of Assignment, Civil Case Cover Sheet, Notice of Case Assignment, Notice of OSC: Service of Summons and Complaint and Notice of Case Management Conference, and Alternative Dispute Resolution documents constitute all the process, pleadings, and orders received by Defendants in this case. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders served on and by Defendants in the state action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446 (2012).

16.   As required by 28 U.S.C. § 1446(d), Defendants will give notice of removal of the civil action and will provide a copy of this Notice of Removal to the Superior Court of California for the County of San Bernardino – Barstow and to Plaintiffs through their attorneys of record, The Myers Law Group, A.P.C. A true and correct copy of the Notice to Adverse Parties and Superior Court of Removal of Civil Action that will be filed and served is attached hereto as Exhibit B. *See* 28 U.S.C. § 1446 (2012).

DATED: August 17, 2012          BLANK ROME LLP

By: _____
Attorneys for Defendants
LEWIS LIMITED CONSULTANTS, LLC
and CONSEQUENCES MANAGEMENT INC

# EXHIBIT A

*27 Pages*

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED - BARSTOW
SAN BERNARDINO COUNTY
SUPERIOR COURT

JUN 18 2012

By *Vicki Calfy* Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PLEASE SEE ATTACHED.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PLEASE SEE ATTACHED.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino Superior Court - Barstow | CASE NUMBER *(Número del Caso):* **CIVBS 1200311** |
|---|---|

235 East Mountain View Street
Barstow, CA 92311

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David P. Myers, The Myers Law Group, 9327 Fairway View Place, Ste. 100, Rancho Cucamonga, CA 91730

| DATE: *(Fecha)* 6/18/12 | Clerk, by *(Secretario)* **Vicki Calfy** | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   CONSEQUENCE MANAGEMENT INC., A Maryland Corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov American LegalNet, Inc. www.FormsWorkflow.com |
|---|---|---|

Exhibit A Page 8

| SHORT TITLE: GRAUPNER, et al   V. — LEWIS LIMITED CONSULTANTS,LLC, et al | CASE NUMBER |
| --- | --- |

1  LEWIS LIMITED CONSULTANTS,LLC, a Delaware Corporation, CONSEQUENCE MANAGEMENT

2  INC., a Maryland Corporation, and DOES 1-10, inclusive

3    Defendants,

4

5

6  CARMEN GRAUPNER, JOHN GRAUPNER, and ELIZABETH BUNTING, individually,

7  and on behalf of all others similarly situated,

8    Plaintiffs.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___1___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501
Amanuensis LegalNet, Inc.   www.USCourtForms.com

Exhibit A Page 9

1  David P. Myers (SBN 206137)
   Rudy Balderama (SBN 234602)
2  Ann Hendrix (SBN 258285)
   Vanessa Godinez-Elisarraraz (SBN 269491)
3  **THE MYERS LAW GROUP, A.P.C.**
4  9327 Fairway View Place, Ste. 100
   Rancho Cucamonga, CA 91730
5  Telephone: (909) 919-2027
   Facsimile: (888) 375-2102
6

7  Attorneys for Plaintiffs

FILED - BARSTOW
SAN BERNARDINO COUNTY
SUPERIOR COURT

JUN 1 8 2012

By _Vicki Calfy_
                  Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN BERNARDINO - BARSTOW

10

11  CARMEN GRAUPNER, JOHN GRAUPNER,)   Case No.:  **CIVBS 1 2 0 0 3 1 1**
12  and ELIZABETH BUNTING, individually,  )
    and on behalf of all others similarly situated,  )
13                                                )
14            Plaintiffs,                          )   **CLASS ACTION**
                                                  )
15     v.                                         )   1. **FAILURE TO PROVIDE MEAL BREAKS**
                                                  )   2. **FAILURE TO PROVIDE REST BREAKS**
16  LEWIS LIMITED CONSULTANTS,LLC, a  )   3. **FAILURE TO PAY OVERTIME**
17  Delaware Corporation, CONSEQUENCES  )   4. **FAILURE TO PAY VACATION PAY**
    MANAGEMENT INC., a Maryland        )   5. **FAILURE TO PAY OVERTIME AND**
18  Corporation, and DOES 1-10, inclusive  )      **DOUBLE TIME ON SEVENTH**
                                                  )      **CONSECUTIVE DAY OF WORK**
19            Defendants.                        )   6. **WAITING TIME PENALTIES**
                                                  )   7. **UNLAWFUL UNIFORM DEDUCTIONS**
20                                                )   8. **FAILURE TO FURNISH WAGE AND**
21                                                )      **HOUR STATEMENTS**
                                                  )   9. **UNFAIR BUSINESS PRACTICES**
22                                                )
                                                  )   **DEMAND FOR JURY TRIAL**
23                                                )
24                                                )
25                                                )

26
                    **I.   INTRODUCTION**
27
       This is an action brought by Plaintiffs CARMEN GRAUPNER, JOHN GRAUPNER, and
28
ELIZABETH BUNTING ("Plaintiffs") against LEWIS LIMITED CONSULTANTS, LLC, (LEWIS

- 1 -

**COMPLAINT**

1  LTD) CONSEQUENCES MANAGEMENT INC., (CMI), (collectively DEFENDANTS) and other as

2  of yet unnamed Defendants (collectively "Defendants") alleging unfair business practices and

3  violations of the California Labor Code.  Plaintiffs bring this action as a class action on behalf of

4  themselves and others similarly situated, who have been economically harmed by Defendants' unfair

5  and unlawful business practices.  Plaintiffs seek damages, restitution, an equitable accounting,

6  injunctive relief, attorneys' fees, and costs of suit.

## II. PARTIES

8      1.      Plaintiff CARMEN GRAUPNER is an adult who was employed as a non-exempt Role

9  Player by DEFENDANTS to work at Fort Irwin, California.

10     2.      Plaintiff JOHN GRAUPNER is an adult who was employed as a non-exempt Role

11  Player by DEFENDANTS to work at Fort Irwin, California.

12     3.      LEWIS LIMITED CONSULTANTS, LLC is a Delaware corporation doing business in

13  California and is a "person" as defined by California Labor Code § 18 and by California Business and

14  Professions Code § 17201.  LEWIS LIMITED CONSULTANTS, LLC is an "employer" as that term

15  is used in the California Labor Code, and the California Industrial Welfare Commission's orders

16  regulating wages, hours, and working conditions.

17     4.      CONSEQUENCES MANAGEMENT INC. is a Maryland corporation doing business

18  in California and is a "person" as defined by California Labor Code § 18 and by California Business

19  and Professions Code § 17201 CONSEQUENCES MANAGEMENT INC. is an "employer" as that

20  term is used in the California Labor Code, and the California Industrial Welfare Commission's orders

21  regulating wages, hours, and working conditions.

22     5.      Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as

23  Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiffs

24  will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiffs are

25  informed and believe and thereupon allege that each of the fictitiously named Defendants is

26  responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages as herein

27  alleged are proximately caused by such occurrences.

28

- 2 -

**COMPLAINT**

6.      Plaintiff is informed and believes, and thereon alleges, that that at all times material hereto each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees and/or joint employers and/or integrated enterprise, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment, direction and control, and/or joint employer and/or integrated enterprise relationship.

7.      Plaintiff is informed and believes, and thereon alleges, that Defendant DOES 1 through 10 are the partners, owners, shareholders, joint venturers, managers or alter ego of, or acting as a joint employer or integrated enterprise with CMI and/or LEWIS LTD, and were acting on behalf of Defendants CMI and/or LEWIS LTD in the payment of wages to or employment of Plaintiff.

8.      At all relevant times alleged herein Plaintiff was employed by Defendants.

9.      At all relevant times herein, Defendants were the agents of each other and acting within the course and scope of their agency.

10.     Venue is proper based on the location of DEFENDANTS at Fort Irwin in San Bernardino County, which is also the location of the commission of the acts alleged herein. The relief requested is within the jurisdiction of this Court.

### III.    FACTUAL ALLEGATIONS

11.     At all times relevant herein, CONSEQUENCES MANAGEMENT INC. and LEWIS LIMITED CONSULTANTS, LLC were private contractors of services provided to the military at Fort Irwin, CA. As part of this business, CONSEQUENCES MANAGEMENT INC. and LEWIS LIMITED CONSULTANTS, LLC ("DEFENDANTS") operated as joint employers of hourly employees hired to perform work under the management and control of DEFENDANTS.

12.     Plaintiffs and other members of the proposed class were employed as Role Players in hourly non-exempt positions by DEFENDANTS to work at Fort Irwin in training scenarios for military training units, beginning approximately October 26, 2010 until approximately September 23, 2011. The Role Players' job duties included, but were not limited to, performing tasks replicating

- 3 -

**COMPLAINT**

1  indigenous theater-specific populations in environments and situations similar to those military

2  personnel are expected to encounter during deployment.

3       13.    During their employment with DEFENDANTS, Plaintiffs were typically scheduled to

4  work approximately ten (10) hours each work day in each rotation consisting of approximately

5  seventeen (17) consecutive days.

6       14.    Role Players lived in the barracks while on rotation.  Each day, Role Players were

7  required to arrive at the office at least 15 minutes prior to the time when they would board the

8  transportation to the "city" to which they are assigned to work, either Jabal or Wassal.  The Role

9  Players were not paid for all of this time spent waiting, even though they could be disciplined for

10  being late for the "waiting to board" start time.   Once the managers had completed their initial duties

11  with the Role Players, typically including a check in, the Role Players then rode the bus to the "cities."

12       15.    In their cities, Role Players work all day playing the parts of indigenous people.  During

13  the course of the day, Role Players must remain in character and must be prepared to act out different

14  scenarios all day when military training units appear and respond to different military scenarios, of

15  which the Role Players are a part.  A typical work day lasts approximately ten, after which Role

16  Players rode the bus back to the office and clocked out.

17       16.    Plaintiffs were not paid for all hours worked, including wages for time worked at the

18  beginning and end of their shifts.  Plaintiffs are informed and believed that the same is true for all Role

19  Players.

20       17.    During the time Role Players are in their cities, they are not provided with thirty minute

21  uninterrupted meal breaks for each five hours worked.  Role Players did not sign a waiver of their right

22  to receive meal breaks for continuous duty.   Similarly, Role Players did not receive 10 minute rest

23  breaks for each four hours worked as required by law.

24       **IV.**    **CLASS ACTION ALLEGATIONS**

25       18.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a

26  class action under Code of Civil Procedure § 382.  Plaintiffs also challenge the unlawful practices of

27  Defendants and seek compensation on behalf of terminated and current employees of DEFENDANTS

28  and the general public under California Business & Professions Code §§17203 and 17204.

- 4 -

**COMPLAINT**

19.     Plaintiffs seek to represent the class composed of all non-exempt Role Players employed by DEFENDANTS in the State of California at any time beginning four years preceding the date of this filing and continuing while this action is pending (the "Class Period). Plaintiffs also seek to represent the following sub-classes:

    a.    All non-exempt Role Players who have been employed with DEFENDANTS in the State of California at any time beginning four years preceding the date of this filing and who did not receive thirty minute uninterrupted meal breaks for each five hours worked. (The "Meal Break Subclass.")

    b.    All non-exempt Role Players who have been employed with DEFENDANTS in the State of California at any time beginning four years preceding the date of this filing and who did not receive ten minute uninterrupted rest breaks for each four hours worked. (The "Rest Break Subclass.")

    c.    All non-exempt Role Players whose employment with DEFENDANTS in the State of California ended at any time beginning four years preceding the date of this filing for waiting time penalties pursuant to Labor Code §203. (The "Penalty Subclass.")

    d.    All non-exempt Role Players who have been employed with DEFENDANTS in the State of California at any time beginning four years preceding the date of this filing and who did not receive their accrued vacation time wages paid to them upon termination. (The "Vacation Pay Subclass.")

20.     The class Plaintiffs seek to represent, as described above, is clearly ascertainable. Plaintiffs reserve the right under Rule 1855(b) of the California Rules of Court, to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues.

**Common Questions of Law and Fact.**

21.     DEFENDANTS have acted with respect to Plaintiffs and all members of the proposed class ("Class Members") in a manner generally applicable to each of them. There is a well-defined community of interest in the questions of law and fact affecting the Class satisfying California Code

- 5 -

**COMPLAINT**

worked by improperly rounding employees' hours, failing to maintain complete and accurate payroll records and wage statements, conversion of wages, failing to pay complete compensation due in a timely manner upon termination or resignation, and unfair business practices, all in violation of the California Labor Code and Regulations, the California Civil Code and the California Business & Professions Code. The common questions of law and fact predominate over questions affecting only individual Class Members, including, but not limited to:

a.    Whether DEFENDANTS implemented certain compensation policies and practices, including;

b.    Failing to provide Role Players thirty minute uninterrupted meal breaks;

c.    Failing to provide Role Players ten minute uninterrupted rest breaks;

d.    Failing to maintain and provide complete and accurate payroll records and wage statements;

e.    Failing to pay complete compensation due in a timely manner upon the employees' discharge; and

f.    Unfair business practices.

g.    If and to the extent that DEFENDANTS implemented such policies, whether such policies and practices are unlawful under the Labor Laws and/or Regulations;

h.    If the policies and practices were implemented by DEFENDANTS, and if such policies and practices were unlawful, what relief is necessary and appropriate to remedy DEFENDANTS' unlawful conduct as herein alleged; and

i.    Other questions of law and fact.

**Numerosity**

22.    Class Members are so numerous that joinder of all the members of the class is impracticable and that the disposition of their claims in a class action rather than individual actions will benefit the parties, the Court and the interests of justice.  Class Members are ascertainable by Defendant's records, even though the precise number of class members has not been determined at this time. Plaintiffs are informed and believe that DEFENDANTS have employed at least 175 employees

- 6 -

**COMPLAINT**

1    at one time as non-exempt Role Players who are members of the proposed class during the relevant

2    time period.

3         23.    The numerosity of the class is clearly satisfied under California Code of Civil

4    Procedure Section 382.

5    **Typicality**

6         24.    Plaintiffs' claims are typical of the claims of the proposed class.  Plaintiffs and Class

7    Members sustained injuries and damages arising out of and caused by Defendants' common course of

8    conduct in violation of laws and regulations alleged herein.

9    **Adequacy of Class Representative**

10        25.    Plaintiffs will fairly and adequately represent and protect the interests of all members

11   of the class, and there are no known conflicts of interest between the Plaintiffs and Class Members.

12   **Superiority of Class Action**

13        26.    A class action is superior to other available means for the fair and efficient adjudication

14   of this controversy.  Individual joinder of all proposed class members is not practicable, and questions

15   of law and fact common to the class predominate over any questions affecting only individual

16   members of the class.  Each member of the class has been damaged and is entitled to recovery by

17   reason of Defendants' illegal policies and/or practices.

18        27.    A class action is superior to other available methods for the fair and efficient

19   adjudication of this controversy because individual litigation of the claims of all Class Members is

20   impractical.  Even if every Class Member could afford individual litigation, the court system could

21   not.  It would be unduly burdensome to the courts if individual litigation of numerous cases would

22   proceed.  Individualized litigation would also present the potential for varying, inconsistent, or

23   contradictory judgments and would magnify the delay and expense to all parties and the court resulting

24   from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a

25   class action, with respect to some or all of the issues presented herein, gives rise to fewer management

26   difficulties, conserves the resources of the parties and the court system, and protects the rights of each

27   proposed class member.

28

**COMPLAINT**

28.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## V.     FIRST CAUSE OF ACTION

**(Meal Breaks - California Labor Code § 226.7 and Wage Order 4-2001)**

**(Plaintiffs Individually and on Behalf of All Class Members Against All Defendants)**

29.     Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

30.     · Plaintiffs and Class Members regularly worked approximately ten hours per day.

31.     Plaintiffs and Class Members did not take 30 minute uninterrupted meal breaks. Defendants did not provide Plaintiffs and Class Members the opportunity to take 30-minute uninterrupted meal breaks, and knew that they were not taking lawfully required meal breaks. Plaintiffs and Class Members did not sign a voluntary waiver of their right to take meal breaks due to continuous duty.

32.     DEFENDANTS failed to provide Plaintiffs and Class Members with all legally required meal breaks, and Plaintiffs and Class Members seek to recover wages owed for DEFENDANTS' violations of Labor Code § 226.7 and Wage Order 4's provision of meal breaks.

33.     Based on Defendants' conduct as alleged herein, DEFENDANTS are liable to Plaintiffs and Class Members for damages and statutory penalties, injunctive relief, plus interest, attorneys' fees, expenses, and costs of suit.

## VI.     SECOND CAUSE OF ACTION

**(Rest Breaks - California Labor Code § 226.7 and Wage Order 4-2001)**

**(Plaintiffs Individually and on Behalf of All Class Members Against All Defendants)**

34.     Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

35.     Plaintiffs and Class Members regularly worked approximately ten hours per day.

36.     Plaintiffs and Class Members did not take a 10 minute uninterrupted rest break for every four (4) hours worked. Defendants did not provide Plaintiffs and Class Members the opportunity

- 8 -

**COMPLAINT**

1  to take 10-minute uninterrupted rest breaks, and knew that they were not taking lawfully required rest

2  breaks.

3        37.      DEFENDANTS failed to provide Plaintiffs and Class Members with all legally

4  required rest breaks, and Plaintiffs and Class Members seek to recover wages owed for Defendants'

5  violations of Labor Code § 226.7 and Wage Order 4's provision of rest breaks.

6        38.      Based on DEFENDANTS' conduct as alleged herein, DEFENDANTS are liable to

7  Plaintiffs and Class Members for damages and statutory penalties, injunctive relief, plus interest,

8  attorneys' fees, expenses, and costs of suit.

9                    VII.   THIRD CAUSE OF ACTION

10                   (California Labor Code § 1194 - Overtime)

11        (Plaintiffs Individually and on Behalf of All Class Members Against All Defendants)

12        39.      Plaintiffs restate and incorporate by reference each and every allegation contained in

13  paragraphs 1 through 24, inclusive, as though fully set forth herein.

14        40.      Labor Code § 1194(a) provides: "Notwithstanding any agreement to work for a lesser

15  wage, any employee receiving less than the legal minimum wage or the legal overtime compensation

16  applicable to the employee is entitled to recover in a civil action the unpaid balance of the full

17  amount of this minimum wage or overtime compensation, including interest thereon, reasonable

18  attorney's fees, and costs of suit."

19        41.      Wage Order 4-2001 defines hours worked as "the time during which an employee is

20  subject to the control of an employer, and includes all the time the employee is suffered or permitted

21  to work, whether or not required to do so."

22        42.      For all the time Plaintiffs and Class Members was employed by DEFENDANTS,

23  Plaintiffs and Class Members were non-exempt employees entitled to be paid overtime pay for hours

24  worked over eight in a day and forty in a week.

25        43.      DEFENDANTS failed to pay Plaintiffs and Class Members for all hours worked in

26  each work week, including, but not limited to not paying Plaintiffs and Class Members for time

27

28

COMPLAINT

Exhibit A Page 18

spent at the beginning and end of each day when they were required to be at the transportation pick-up location waiting for transportation to and from the cities for work.

44.   Defendants unlawfully rounded Plaintiff's and Class Members time worked and failed to pay them for all hours worked.

45.   Based on DEFENDANTS' conduct as alleged herein, DEFENDANTS are liable to Plaintiffs and Class Members for damages and statutory penalties, injunctive relief, plus interest, attorneys' fees, expenses, and costs of suit.

### VIII.   FOURTH CAUSE OF ACTION

**(California Labor Code § 227.3 - Failure to Pay Vacation Pay)**

**(Plaintiffs Individually and on Behalf of All Class Members Against All Defendants)**

46.   Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

47.   California Labor Code § 227.3 provides that when an employee is terminated without having taken off his or her vested vacation time, all vested vacation shall be paid to him or her as wages at his/her final pay rate.

48.   When Plaintiffs and Class Members were terminated voluntarily or involuntarily, they were not paid as wages for their accrued and unused vacation time.

49.   Based on DEFENDANTS' conduct as alleged herein, DEFENDANTS are liable to Plaintiffs and Class Members for damages and statutory penalties, injunctive relief, plus interest, attorneys' fees, expenses, and costs of suit.

### IX.   FIFTH COURSE OF ACTION

**(Failure to Pay Overtime and Double Time on Seventh Consecutive Day of Work – Cal. Labor Code §§ 551, 552, 1194 and Wage Order 7-2001)**

**(Plaintiffs Individually and on Behalf of All Class Members Against All Defendants)**

50.   Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

- 10 -

**COMPLAINT**

51.     Labor Code § 551 provides: Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven.

52.     Labor Code § 552 provides: No employer of labor shall cause his employees to work more than six days in seven.

53.     Wage Order 7-2001(3)(1) provides that any employee who works on a seventh consecutive day shall be paid overtime pay for the first eight hours worked and double time for hours worked over eight on the seventh day.

54.     Plaintiffs and Class Members were required to work rotations of seventeen consecutive days without any days of rest during that work period.

55.     Plaintiffs and Class Members were not paid the lawfully mandated wages for their work on the first and second time each seventeen day rotation that there was a work day that fell on the seventh consecutive day of work.

56.     Plaintiffs and Class Members seek to recover overtime and double time, interest, and are entitled to an award of attorneys' fees and costs incurred in this action.

## X.     SIXTH CAUSE OF ACTION

### (California Labor Code §§ 201-203 – Waiting Time Penalties)

### (Plaintiffs Individually and on Behalf of All Class Members Against All Defendants)

57.     Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

58.     Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law.  Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

59.     As a consequence of DEFENDANTS's willful failure to timely compensate Role Players for all hours worked; Role Players are entitled to 30 days' wages pursuant to Labor Code § 203.

60.     Plaintiffs and Class Members are entitled to an award of damages, attorneys' fees, costs, and expenses incurred in this action.

COMPLAINT

## XI.   SEVENTH CAUSE OF ACTION

### (Unlawful Uniform Deductions – Violation of Cal. Labor Code § 2802 and Wage Order 4-2001)

### (Plaintiffs Individually and on Behalf of All Class Members Against All Defendants)

61.    Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

62.    Labor Code § 2802 provides: An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

63.    Wage Order 4-2001(9)(A) provides: When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.

64.    Plaintiffs and Class Members were required to purchase and/or lease their uniforms from DEFENDANTS.

65.    Plaintiffs and Class Members seek to recover the uniform deductions, interest, and are entitled to an award of attorneys' fees and costs incurred in this action.

## XII.   EIGTH CAUSE OF ACTION

### (California Labor Code § 226 - Itemized Wage Statements)

### (Plaintiffs Individually and on Behalf of All Class Members Against All Defendants)

66.    Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

67.    California Labor Code Section 226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall . . . at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . . (5) net wages earned . . . (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Industrial Welfare Commission Order 9-2001 (Section 7) also contains requirements for time records and wage statements.

- 12 -

COMPLAINT

68.     California Labor Code Section 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

69.     During the Class Period, DEFENDANTS failed to accurately pay employees wages owed for missed meal and rest breaks, and thus failed to provide them with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that individual, and all applicable hourly rates in effect during each pay period with the corresponding number of hours worked at each hourly rate by that individual.

70.     As alleged herein, Plaintiffs and Class Members are not exempt from the requirements of the Labor Laws and Regulations.  Plaintiffs and Class Members were and will be injured by DEFENDANTS' failure to comply with the aforementioned requirements for time records and wage statements.

71.     Plaintiffs and Class Members are entitled to an award of damages, attorneys' fees, costs, and expenses incurred in this action.

## XIII.   NINTH CAUSE OF ACTION

**(Unfair Business Practices - California Business & Professions Code § 17200, *et. seq.*)**

**(Plaintiffs Individually and on Behalf of All Class Members Against All Defendants)**

72.     Plaintiffs restate and incorporate by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

73.     Plaintiffs are informed and believe that for the last four years, DEFENDANTS have intentionally and improperly violated the Labor Laws and Regulations for Plaintiffs and Class Members as alleged herein, and have induced and directed its officers, managers, supervisors and/or other employees or agents to engage in violations including (1) failing to provide Role Players with

- 13 -

**COMPLAINT**

meal and rest breaks to which they were legally entitled to;  pay all wages owed for hours worked; and (2) failing to pay wages owed for missed meal and rest breaks, which constitute unfair business practices in violation of California Business & Professions Code Sections 17200, *et seq.*

74.    As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of Plaintiffs and Class Members as well as members of the public, including but not limited to under-reporting to federal and state authorities the wages earned by Plaintiffs and Class Members, and therefore under-paying state and federal taxes, employer matching funds, unemployment premiums, social security, Medicare and workers' compensation premiums.

75.    Pursuant to California Business and Professions Code Section 17203, Plaintiffs request restitution and/or disgorgement of all wages wrongfully retained by DEFENDANTS in violation of Business and Professions Code sections 17000, *et seq.* and 17200, *et seq.*

## XIV.   PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

1.    For an order certifying this action as a class action;

2.    For compensatory and general damages in an amount according to proof;

3.    For past and future lost income and benefits;

4.    For an award of waiting time penalties pursuant to Labor Code § 203;

5.    For pre-judgment interest to the extent permitted by law;

6.    For attorney's fees and costs pursuant to California law, including but not limited to, California Labor Code §§ 218.5, 1194, 2802, and California Code of Civil Procedure §1021.5;

7.    For an injunction against Defendants' unlawful business practices;

8.    For an order to pay restitution to Plaintiffs and the class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200 et al.;

9.    For an order declaring Defendants' uncompensated work time practices to be unlawful and requiring Defendants to cease and desist from such unlawful activities in violation of California Business and Professions Code § 17200 et al.;

- 14 -

**COMPLAINT**

10.   For such other and further relief as the Court may deem proper.

Dated: _6/14/12_

THE MYERS LAW GROUP, A.P.C.,

BY:  _____
Ann Hendrix
Attorneys for Plaintiffs CARMEN
GRAUPNER, JOHN GRAUPNER, and
ELIZABETH BUNTING

- 15 -

COMPLAINT

Exhibit A Page 24

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CARMEN GRAUPNER, et al

Case No. _____ CIVDS 1 2 0 0 3 1 1

vs.

CERTIFICATE OF ASSIGNMENT

LEWIS LIMITED CONSULTANTS, LLC, et al

---

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the ___ BARSTOW ___ District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] 1 | Adoption | Petitioner resides within the district. |
| [ ] 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3 | Contract | Performance in the district is expressly provided for. |
| [ ] 4 | Equity | The cause of action arose within the district. |
| [ ] 5 | Eminent Domain | The property is located within the district. |
| [ ] 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9 | Mandate | The defendant functions wholly within the district. |
| [ ] 10 | Name Change | The petitioner resides within the district. |
| [ ] 11 | Personal Injury | The injury occurred within the district. |
| [ ] 12 | Personal Property | The property is located within the district. |
| [ ] 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] 15 | Review | The defendant functions wholly within the district. |
| [ ] 16 | Title to Real Property | The property is located within the district. |
| [ ] 17 | Transferred Action | The lower court is located within the district. |
| [ ] 18 | Unlawful Detainer | The property is located within the district. |
| [ ] 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] 20 | Other _____ | |
| [X] 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Akima Logistics Services, LLC                    510 S. Loop 1st Street, Bldg T

<u>(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)</u>                    <u>ADDRESS</u>

Fort Irwin                         CA                    92310

(CITY)                    (STATE)                    (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

June 15, 2012

at  Rancho Cucamonga                                    , California

Signature of Attorney/Party

13-15503-360 Rev. 10/94                                                      SB-16503

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David P. Myers (SBN 206137)<br>The Myers Law Group<br>9327 Fairway View Place. Ste. 100, Rancho Cucamonga, CA 91730<br>TELEPHONE NO.: 909-919-2027    FAX NO.: 888-375-2102<br>ATTORNEY FOR *(Name):* PLAINTIFF CARMEN GRAUPNER | FILED - BARSTOW<br>SAN BERNARDINO COUNTY<br>SUPERIOR COURT<br><br>JUN 1 8 2012<br><br>By *Vicki Calfy* Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 235 East Mountain View Street
MAILING ADDRESS: 235 East Mountain View Street
CITY AND ZIP CODE: Barstow, 92311
BRANCH NAME: Barstow District

CASE NAME: CARMEN GRAUPNER, et al   v.
LEWIS LIMITED CONSULTANTS,LLC, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIVBS 1 2 0 0 3 1 1 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | (Cal. Rules of Court, rules 3.400–3.403)<br>☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21) |
| **Employment**<br>☐ Wrongful termination (36)<br>☑ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Other petition *(not specified above)* (43) |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action *(specify):* 9
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 15, 2012

David P. Myers
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>www.accesslaw.com |

Exhibit A Page 26

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

BARSTOW DISTRICT
235 E MOUNTAIN VIEW
BARSTOW, CA  92311
                                 CASE NO: CIVBS1200311
http://www.sb-court.org
IN RE: CARMEN GRAUPNER,ETAL -V- LEWIS LIMITED,ETAL

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF OSC:SERVICE OF SUMMONS AND COMPLAINT
NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE PARTY SERVED:The dates below DO NOT increase the time you have
to respond to the Complaint filed against you as the time for your
response is stated on the "SUMMONS".

PLAINTIFF:PLEASE TAKE NOTICE, that the above entitled case has been
set for an Order to Show Cause why the case should not be dismissed
for failure to serve the Summons and Complaint and a Case Management
Conference. File your Case Management Statement with the court 15
calendar days prior to the hearing. Failure to appear may result in
monetary sanctions and/or dismissal of your case.

This Case is assigned to Department B3 for all purposes.
The OSC:SERVICE OF SUMMONS AND COMPLAINT is set for 09/19/12 at
 8:30 in Department B3
If "Proof of Service" of the Summons and Complaint has been filed 10
court days prior to the hearing, no appearance is required and the
hearing date will be vacated.

The Case Management Conference is set for 11/14/12 at  8:30
in Department B3.

                             Stephen H. Nash, Clerk of the Court
Date: 06/19/12                         By: VICKI CALFY
--------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 06/19/12
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 06/19/12 at Barstow, CA  By: VICKI CALFY
notice: NCMCT1 action: cmc



Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.



**Superior Court of California**
**County of San Bernardino**

# CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, Unlawful Detainer, Small Claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil & Family Law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
1710A Plum Ln
Redlands, CA 92374
TEL (909)798-7117
TOLL FREE (877) 832-9325
FAX (877) 839-1926
WEB www.ivjc.org
EMAIL info@ivjc.org

**Accommodations For Persons With Disabilities Using Court Facilities**

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.00 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the Request for Accommodations by Persons with Disabilities (judicial Council Form MC–410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html These tools convert PDF documents into either HTML or ASCII text that can be read by many screen-reading programs.

For further information and forms:

**Jurors**: Please contact the Jury Services Office at (909) 884-1858.

**Others**: Please contact the court's ADA Coordinator at sprentiss@sb-courts.org

**Court employees**: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with Ada issues, refer to the courts intranet site www.sb-court.org

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 708-8745.

Request for Accommodation Instruction Sheet (Non Fillable Form and Rule of Court 1)
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ADA-Persons-With-Disabilities-MC410QA.pdf

Request for Accommodation Form Fillable Version (MC-410)
http://www.courts.ca.gov/documents/mc410.pdf

Q&A on Rule of Court 1.100
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/Requestsforaccommodationsbypersonswithdisabilities.pdf
Access and Fairness Advisory Flyer
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ProvidingDisabilityAccommodations.pdf

Exhibit A Page 34

EXHIBIT B

1   BLANK ROME LLP
    Howard M. Knee (SBN 55048)
2   Knee@BlankRome.com
    Colleen A. Carolan (SBN 210755)
3   Carolan@BlankRome.com
    1925 Century Park East, 19th Floor
4   Los Angeles, CA 90067
    Telephone:    424.239.3400
5   Facsimile:    424.239.3434

6   Attorneys for Defendants
    LEWIS LIMITED CONSULTANTS, LLC
7   And CONSEQUENCES MANAGEMENT INC.

8

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **COUNTY OF SAN BERNARDINO-BARSTOW**

11

12   CARMEN GRAUPNER, JOHN GRAUPNER, and          Case No. CIVBS 1200311
     ELIZABETH BUNTING, individually, and on
13   behalf of all others similarly situated,       *[Assigned to Dept. B3 ]*

14                              Plaintiff,         **NOTICE TO ADVERSE PARTIES AND
                                                   SUPERIOR COURT OF REMOVAL OF
15             vs.                                 CIVIL ACTION**

16   LEWIS LIMITED CONSULTANTS, LLC, a
     Delaware Corporation, CONSEQUENCES
17   MANAGEMENT INC., a Maryland Corporation,
     and DOES 1 through 10, inclusive,
18                                                 Complaint Filed:   June 18, 2012
                               Defendant.         Trial Date:        None Set
19

20

21

22

23

24

25

26

27

28                                                          Exhibit B Page 36

---
900200.00001/95087543v.1

**NOTICE TO ADVERSE PARTIES AND SUPERIOR COURT OF REMOVAL OF CIVIL ACTION**

1       **TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

2  **FOR THE COUNTY OF SAN BERNARDINO – BARSTOW AND TO PLAINTIFFS**

3  **CARMEN GRAUPNER, JOHN GRAUPNER, AND ELIZABETH BUNTING AND THEIR**

4  **ATTORNEYS OF RECORD:**

5       PLEASE TAKE NOTICE that on August 17, 2012, Defendants Lewis Limited Consultants,

6  LLC and Consequences Management Inc. ("Defendants") filed a Notice of Removal of this action in

7  the United States District Court for the Central District of California, Eastern Division.  A copy of

8  the Notice of Removal is attached hereto as Exhibit "A".  This notice, together with the Notice of

9  Removal, is hereby served on Plaintiffs and filed in the Superior Court of the State of California for

10  the County of San Bernardino – Barstow.

13  DATED:  August 17, 2012          BLANK ROME LLP

15 

16                   By: _____
                          Colleen A. Carolan

17                   Attorneys for Defendants
                   LEWIS LIMITED CONSULTANTS, LLC

18                   AND CONSEQUENCES MANAGEMENT INC.

Exhibit B Page 37

900200.00001/95087543v.1            1

**NOTICE TO ADVERSE PARTIES AND SUPERIOR COURT OF REMOVAL OF CIVIL ACTION**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

### EDCV12- 1388 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY